Filed 5/19/22  P. v. Horton CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B315189 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA104028) |
| v. | |
| MICHAEL HORTON, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Allen J. Webster Jr., Judge.  Affirmed.

David L. Polsky, under appointment by the Court of Appeal; Michael J. Horton, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Michael Horton was convicted in 2011 of two counts of attempted deliberate, willful and premediated murder (Pen. Code, §§ 187, subd. (a), 664)[1] and one count of unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a)), with true findings as to each count of attempted murder that the crimes had been committed for the benefit of a criminal street gang (§ 186.22, subd. (b)) and as to one count that Horton had personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)). He was sentenced as a second strike offender to an aggregate indeterminate state prison term of 99 years to life, including a 25-year-to-life firearm-use enhancement pursuant to section 12022.53, subdivision (d).

On September 16, 2021 the superior court denied Horton's postjudgment motion to strike the section 12022.53, subdivision (d), firearm-use enhancement pursuant to Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, § 2) (Senate Bill 620), effective January 1, 2018. No arguable issues relating to this order have been identified following review of the record by Horton's appointed appellate counsel or by Horton in his supplemental letter brief to this court. We also have identified no arguable issues after our own independent review of the record. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Horton was convicted following a jury trial of one count of attempted murder for shooting Travion Jackson on November 17, 2008 and a second count of attempted murder for stabbing a fellow gang member with a knife on November 28, 2006. The

---

[1] Statutory references are to this code unless otherwise stated.

unlawful taking of a vehicle charge arose from Horton's apprehension in Texas in December 2008 while driving a vehicle owned by a California resident who had not given permission for the vehicle to be taken or driven.

Horton appealed on numerous grounds. We conditionally reversed the judgment on the attempted murder convictions and, because the trial court had failed to comply with the procedures required by Evidence Code section 1042, subdivision (d), directed the court to hold a new hearing on Horton's motion to disclose the identity of a confidential informant. (*People v. Horton* (July 18, 2012, B230381) [nonpub. opn.].) Following the new hearing on remand, the trial court denied the motion and reinstated the judgment on the attempted murder convictions. Horton challenged the judgment by filing both an appeal, contending the trial court had again failed to comply with Evidence Code section 1042, subdivision (d), and a petition for writ of habeas corpus, arguing he was denied his Sixth Amendment rights at the new hearing. After issuing an order to show cause and considering the petition in conjunction with Horton's second appeal, we affirmed the judgment and denied the petition in a nonpublished opinion. (*People v. Horton* (Mar. 20, 2014, B246679); *In re Horton* (Mar. 20, 2014, B251537).)

On April 19, 2021 Horton, representing himself, filed a motion for resentencing in the superior court pursuant to Senate Bill 620, requesting the court exercise its discretion to strike or dismiss the section 12022.53, subdivision (d), firearm-use enhancement. Horton filed a supporting memorandum and, following appointment of counsel, a supplemental memorandum in support of the requested relief. The court held a hearing on Horton's motion on September 16, 2021. After argument from

counsel and from Horton himself, the court denied the motion, finding the nature of Horton's offense—shooting a stranger multiple times after making a gang challenge—did not warrant the relief sought.

Horton filed a timely notice of appeal.

## DISCUSSION

"Before January 1, 2018, section 12022.53 prohibited courts from striking its enhancements. Former subdivision (h) of section 12022.53 provided: 'Notwithstanding Section 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section.' [Citation.] Thus, if a section 12022.53 enhancement was alleged and found true, its imposition was mandatory. [Citations.] In 2017, the Legislature enacted Senate Bill No. 620 . . . amending section 12022.53(h) to remove this prohibition. [Citation.] Section 12022.53(h) now provides that a 'court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section.'" (*People v. Tirado* (2022) 12 Cal.5th 688, 695-696.)

Senate Bill 620's amendment to section 12022.53, subdivision (h), does not apply to individuals whose cases were final on appeal before its January 1, 2018 effective date. (*People v. Magana* (2021) 63 Cal.App.5th 1120, 1126-1127; *People v. Humphrey* (2020) 44 Cal.App.5th 371, 380; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.) Horton's conviction was final several years before Senate Bill 620's effective date, following his second appeal in 2014 and the expiration of the time for him to seek further review in the California and United States Supreme Courts. (See *People v. Vieira* (2005) 35 Cal.4th 264, 306 ["for the

4

purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed"]; see generally *In re Estrada* (1965) 63 Cal.2d 740, 744 ["[i]f the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then, in our opinion, it, and not the old statute in effect when the prohibited act was committed, applies"].)

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Horton on appeal. After reviewing the record, appointed counsel filed a brief raising no issues. Appointed counsel advised Horton on April 13, 2022 that he could submit a brief or letter raising any grounds of appeal, contentions or arguments he wanted the court to consider.

On May 9, 2022 we received a 13-page handwritten supplemental brief, with exhibits, in which Horton argued the judge at the hearing on his motion—the same judge who had presided at Horton's trial—exhibited ethnic bias, violating his due process rights. While we agree with Horton that some of the court's comments may have been inappropriate,[2] as discussed,

---

[2] During an extended colloquy with Horton, the court commented, "Knowing Senate Bill 620—and I call it 620, the Steve Bradford bill, because he's a senator and he's a friend of mine. I know what he had in mind when he basically passed this law. It's for kids who had a gun and they somehow didn't have a record. This particular kid was on his way to Yale or someplace and somehow got mixed up in some, you know, subculture activity which resulted in basically the enhancement being filed.

because his conviction was long-since final, Horton was not entitled, as a matter of law, to the benefits of Senate Bill 620's amendment to section 12022.53, subdivision (h). Accordingly, the court's discussion of its understanding of the purpose of Senate Bill 620 or the status of Horton's rehabilitative efforts in prison was entirely beside the point. Error, if any, was necessarily harmless.

In his supplemental brief Horton also asserted he is entitled to the benefit of other recent legislation amending California's sentencing laws, including Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1013, § 1), effective January 1, 2019, which gave the superior court discretion not to impose a prior serious felony enhancement pursuant to section 667, subdivision (a)(1), and Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 699), effective January 1, 2022, which increased the proof requirements for true findings on criminal street gang enhancement allegations under section 186.22. Because Horton's judgment was final before the effective date of these ameliorative changes to California law, he will confront the same issue of retroactivity as he did with Senate Bill 620. In any event, any request for resentencing relief under the legislation identified in Horton's supplemental brief must be made in the superior court in the first instance.

Because no cognizable legal issues have been raised by Horton's appellate counsel or by Horton or identified in our independent review of the record, the order denying the motion for resentencing is affirmed. (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People*

That's when Bradford came up with the 620 bill for kids like that. But this is not Mr. Horton."

*v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order denying Horton's motion is affirmed.


PERLUSS, P. J.


We concur:


SEGAL, J.


FEUER, J.